UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM CLEVE DAVIDSON | CIVIL ACTION |
| VERSUS | NO. 11-1013 |
| ADVOCATE MINES, LTD., ET AL | SECTION "F" |

ORDER & REASONS

Before the Court ARE: (1) the plaintiff's motion for remand and (2) the defendants HSBC Holdings PLC and the Hongkong Shanghai Banking Corporation Limited's motion to dismiss for personal jurisdiction. For the following reasons, the plaintiff's motion is DENIED, and the defendant's motion is GRANTED.

## Background

William Cleve Davidson, a Louisiana resident and the plaintiff, suffers from mesothelioma. He sued a number of defendants in state court on May 20, 2010. On April 29, 2011 defendants HSBC Holdings plc, and The Hongkong and Shanghai Banking Corporation Limited (collectively "HSBC"), removed the case to this Court on the basis of diversity jurisdiction four days after Eagle, Inc., the only Louisiana defendant, was dismissed on summary judgment after the plaintiff wrote a letter to the judge stating that he did not oppose it. HSBC asserts that on the day of the hearing the plaintiff also twice stated on the record that he did not oppose Eagle's motion for summary judgment.

The defendants assert that removal is proper because the

1

parties are now completely diverse. Asserting that Eagle's citizenship cannot be disregarded because its dismissal did not result from the voluntary act of plaintiff, the plaintiff moves for remand. HSBC, a foreign corporation, also moves for dismissal for lack of personal jurisdiction.[1]

### Law & Analysis

I.

*Motion to Remand*

28 U.S.C. § 1441(a) allows a party to remove an action pending in state court to a federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists and thus that removal was proper. De Aquilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. See, e.g., Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are

---

[1] The state trial court denied these defendants' exception for lack of personal jurisdiction. The Louisiana Fourth Circuit Court of Appeal denied the defendants' applications for supervisory writs. The Louisiana Supreme Court stayed its ruling due to removal to this Court.

construed against removal, as the removal statute should be strictly construed in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000); York v. Horizon Fed. Sav. & Loan Ass'n, 712 F.Supp. 85, 87 (E.D. La. 1989). Here, the defendants assert federal jurisdiction on the basis of diversity, which requires complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

If the initial pleading is not removable because of lack of diversity, but subsequent pleadings create complete diversity, a defendant may, in some circumstances, remove the case to federal court. See 28 U.S.C. § 1446(b). Under the "voluntary-involuntary" rule, if a resident defendant is dismissed from the case by the voluntary act of the plaintiff, leaving only diverse parties, then the case may be removed. If, however, a resident defendant is dismissed as a result of either the defendant's or the court's acting against the wishes of the plaintiff, the case cannot be removed. See Weems v. Louis Dreyfus Corp., 380 F.2d 545 (5th Cir. 1967); see also Phillips v. Unijax, Inc., 625 F.2d 54 (5th Cir. 1980). Furthermore, it is only where the plaintiff, by his voluntary act, "definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant

that the action becomes removable."[2]  McLin v. Surgitex, Inc., No. 91-4116, 1992 WL 67801 (E.D. La. Mar. 25, 1992) (Wicker, J.).  This distinction operates to preclude "removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts."  Weems, 380 F.2d at 546.

> This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts. On the other hand, that danger does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final.

Heeding these precautions, the Court concludes that removal was proper.  Because the plaintiff agreed to the dismissal of the last non-diverse party, and because there is no evidence that this is a case where the plaintiff simply dismissed Eagle to meet procedural requirements, see Englande v. Smithline, 206 F.Supp.2d 815, 818 (E.D. La. 2002) (Feldman, J.), the Court finds that the defendants have met their burden to show that removal was proper.

---

[2]  Although "[c]ourts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent [or improper] joinder," Crockett v. R.J. Reynolds Tobacco Co.,436 F.3d 529 (5th Cir. 2006), there is no suggestion by any party that Eagle was fraudulently or improperly joined.

4

II.

*Motion to Dismiss*

A.

When nonresidents like HSBC move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it. See Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).  The plaintiff may meet his burden by presenting a prima facie case for personal jurisdiction where, as here, the Court decides the matter without an evidentiary hearing.  Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994).  The Court will take all uncontroverted allegations in the complaint as true and resolve any conflicts in the plaintiff's favor.  Id.  The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery.  Id.; see Jobe v. ATR Marketing, Inc., 87 F.3d 751, 752 (5th Cir. 1996).

1.

The plaintiff bases personal jurisdiction on HSBC's alleged acquisition of Antony Gibbs & Co., the alleged supplier of asbestos to Johns-Manville for use at its plant in Marrero, Louisiana, originally incorporated in 1920 in New York.  Plaintiff asserts that this Court should follow the previous ruling of the state court that found a reasonable factual basis exists to establish

personal jurisdiction.

HSBC asserts that it never acquired any interest in Antony Gibbs & Co. and instead owns an interest in Antony Gibbs Holdings Limited, an unrelated company, which they acquired four years after a different company, Balfour Maclaine International Limited became Antony Gibbs & Co.'s successor-in-interest.  They convincingly assert in great detail (with supporting exhibits) that Antony Gibbs & Co. underwent several name changes, and in none of its various conceptions did the defendants ever own an interest.

2.

This Court first observes that it is not bound by the state trial court's determination that personal jurisdiction was proper over these defendants.  See La. v. Guidry, 489 F.3d 692, 697-98 (5th Cir. 2007) (finding that where a state appellate court denies supervisory review of an interlocutory judgment of a peremptory exception, the federal district court is free to reconsider the decision of the state court).

Turning to the question of personal jurisdiction, the Court finds that the plaintiff fails to show that Antony Gibbs & Co. and Antony Gibbs Holdings Ltd. (and any of the variations in which they existed over the last century) have or ever have had any relationship beyond a shared name.  Neither plaintiff's complaint nor his briefing on this motion to dismiss makes any showing that the two companies share anything other than their name.  This

coincidence cannot give rise to plaintiff's prima facie case of personal jurisdiction.

Accordingly, IT IS ORDERED: The plaintiff's motion for remand is DENIED. HSBC's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED: The defendants HSBC Holdings PLC and the Hongkong Shanghai Banking Corporation Limited are DISMISSED.

New Orleans, Louisiana, June 20, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE